JAMES F. McKAY III, Judge.
_JjThe plaintiff, Scott Johnson, appeals the trial court’s granting of an exception of prescription in favor of the defendants, Audubon Insurance Company (Audubon) and Louisiana Citizens Property Insurance Corporation (LCPIC). We affirm.
FACTS AND PROCEDURAL HISTORY
On October 20, 2004, Scott Johnson applied for and obtained a homeowner’s in *530 surance policy from Audubon and LCPIC to cover a property located at 4721 Flake Street in New Orleans. The policy was valued at $90,000.00. On November 30, 2004, a fire occurred at the aforementioned property. Thereafter, Mr. Johnson filed a claim for the damages sustained as a result of the fire.
After inspecting the damage to the property, LCPIC assessed the damage at $52,852.08. However, LCPIC discovered that the property was titled in the name of Hamilton Israel. As a result, in July of 2005, LCPIC filed a concursus proceeding to determine who actually had an insurable interest in the property and | deposited $52,852.08 into the registry of the court. At the same time, LCPIC tendered $4,025.00 to Mr. Johnson for his loss of personal property and contents. Mr. Johnson never answered this concursus petition.
On July 15, 2005, Vincent LoCoco was appointed to represent the absent and unrepresented heirs of Selma Israel Zachary and Hamilton Israel. Mr. LoCoco advised the court that Mr. Johnson had obtained judgments of possession in both the Succession of Alice Davis wife/of and Hamilton Israel and the Succession of Selma Israel, widow of W.L. Zachary by filing fraudulent affidavits into the succession pleadings. In both cases, Mr. LoCoco had the judgments annulled and rescinded.
On October 8, 2007, Mr. Johnson filed a motion for LCPIC to place the limits of the policy into the registry of the court. LCPIC opposed the motion on the grounds that the motion was not properly brought within a concursus proceeding and the claims had prescribed. On January 8, 2008, the district court denied Mr. Johnson’s motion without prejudice.
On March 10, 2008, Mr. Johnson filed a petition for damages and breach of contract stemming from the fire.[1] Audubon and LCPIC then filed an exception of prescription and an exception of no cause of action. The trial court heard these exceptions on November 21, 2008. Following oral argument, the trial court granted the exception of prescription and found the exception of no cause of action to be moot. It is from this judgment that Mr. Johnson now appeals.
J^DISCUSSION
On appeal, Mr. Johnson raises the following two assignments of error: 1) the trial court erred by concluding that the filing of the concursus proceeding did not act as an acknowledgement sufficient to interrupt prescription; and 2) the trial court erred by not allowing plaintiffs claim to survive under the ten year prescription period.
According to Louisiana Civil Code Article 3454, prescription begins to run from the date of loss. See also Gremillion v. Travelers Indemnity Co., 256 La. 974, 984-85, 240 So.2d 727, 731 (1970). In the instant case, Mr. Johnson’s property damage claim arises out of a fire that occurred on November 30, 2004. Pursuant to the provisions of LCPIC’s policy, Mr. Johnson had one year from November 30, 2004 to file suit. The legislature extended this deadline until January 3, 2006 as a result of Hurricane Katrina.[2] Mr. Johnson filed the instant lawsuit on March 10, 2008, more than one year following the loss and two years after January 3, 2006, which is the last day upon which he could file a timely suit for damages sustained in the *531 2004 fire. Accordingly, the suit was prescribed on its face. The burden of proof on a prescription issue lies with the party asserting it unless the plaintiffs claim is barred on its face, in which case the burden shifts to the plaintiff. Bailey v. Khoury, 2004-0602, p. 9 (La.1/20/05), 891 So.2d 1268,1275.
|4Mr. Johnson failed to prove that the prescriptive period was interrupted. While he cites the Supreme Court’s decision in Mallet v. McNeil, 2005-2289 (La.10/17/06), 939 So.2d 1254, to argue that LCPIC’s unconditional tender constituted an acknowledgement sufficient to interrupt prescription pursuant to La. C.C. art. 3464, this argument is without merit. This Court recently held that an unconditional tender does not interrupt prescription on a first party claim. Lila, Inc. v. Underwriters at Lloyd’s, London, 2008-00681, p. 10 (La.App. 4 Cir. 9/10/08), 994 So.2d 139, 146. Because this is a first party suit for breach of an insurance contract, LCPIC’s prior payments do not interrupt prescription.
Although Mr. Johnson contends that the filing of the concursus should have interrupted prescription, the filing of a concursus action alone is not enough to interrupt prescription. There must be some action on the part of the plaintiff. In Piper v. Shelter Mutual Ins. Co., 2007-0111 (La.App. 3 Cir. 5/30/07), 958 So.2d 120, the insured filed an answer to the petition for concursus disputing the amount of liability which served as an “action” to interrupt prescription. In the instant case, Mr. Johnson never answered the concursus petition nor took any other action to interrupt prescription. Accordingly, LCPIC’s filing of the concursus did not interrupt prescription in this case.
The ten year prescriptive period does not apply in the instant case. This Court recently rejected the notion that the ten year prescriptive period for actions pertaining to breach of contract should apply to insurance policies. Lila, 2008-00681, p. 8, 994 So.2d at 144. In any event, Mr. Johnson’s claim for breach of an ^insurance contract is limited by the clear and unambiguous terms of the policy. The contract in this case states: “No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.” Louisiana Civil Code Article 2047 provides that “[t]he words of a contract must be given their generally prevailing meaning.” Insurers, like other individuals are entitled to limit their liability and to impose and enforce reasonable conditions upon the policy obligations they contractually assume. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Cas. Co., 630 So.2d 759, 763 (La.1994). In the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid. See La. R.S. 22:629(B).
CONCLUSION
For the following reasons, we affirm the trial court’s granting of the defendants’ exception of prescription.
AFFIRMED.
TOBIAS, J., concurs and assigns reasons.
IT respectfully concur to assign additional reasons in support of the majority opinion.
As the majority notes the court appointed curator discovered that Scott Johnson filed fraudulent affidavits in the succession proceedings of Alice Davis wife of and Israel Hamilton and Selma Israel Zachary, the owners of the property, in order to obtain a judgment of possession transferring the subject property to himself. The *532 curator obtained a reversal of the judgments.
The doctrine of “clean hands” is an equitable principle that requires that “he who comes into a court of equity must come with clean hands.” City of New Orleans v. Levy, 238 La. 844, 865-66, 98 So.2d 210, 218 (La.1957). The doctrine is derived from the common law and has questionable application in our civilian | ¿jurisdiction. Louisiana courts can only turn to equity principles to decide cases in the absence of express law. La. C.C. art. 21; Edmonston v. A-Second Mortgage Company of Slidell, Inc., 289 So.2d 116 (La.1974); Chambers v. Parochial Employees’ Retirement System of Louisiana, 398 So.2d 102 (La.App. 3rd Cir.1981), writ denied, 400 So.2d 1382 (La. 1981). To the extent that Mr. Johnson is entitled to any consideration under equitable principles, I find that the doctrine of “clean hands” prevents him from prevailing in these proceedings.

. This case was consolidated with the pending concursus proceeding.

. H.B. No. 90 of the First Extraordinary Session of 2005 enacting La. R.S. 9:2551, 2552, 2553, and 2554.