43 So.3d 311 (2010)
WOLFE WORLD, LLC, d.b.a. Wolfman Construction
v.
Eric STUMPF.
No. 2010-CA-0209.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 2010.
*312 Wayne J. Lee, Samantha P. Griffin, Mary Bubbett Jackson, Stone Pigman Walther Wittmann L.L.C., New Orleans, LA, for State Farm Fire and Casualty Company.
Walter R. Woodruff, Jr., Bopp Law Corporation, Mandeville, LA, for Eric Stumpf.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, and Judge TERRI F. LOVE).
CHARLES R. JONES, Judge.
The third-party plaintiff, Eric Stumpf, appeals the November 3, 2009 judgment granting the motion for summary judgment filed by the third-party defendant, State Farm Fire and Casualty Company (State Farm). For the reasons set forth below, we affirm.
Mr. Stumpf[1] owns property located at 2212 Napoleon Avenue, New Orleans, Louisiana, which sustained damage as a result of Hurricane Katrina. Mr. Stumpf hired M. Natal Contractors, Inc. (Natal) to replace the roof on the property. Believing Natal's work to be substandard, Mr. Stumpf hired Wolfe World, L.L.C. d/b/a Wolfman Construction (Wolfman), to replace the roof placed on the property by Natal. On August 25, 2006, during the construction of the new roof, rain entered the property causing damage. Mr. Stumpf filed a claim[2] with State Farm, seeking payment for the damages to the property sustained as a result of the August 25, 2006 rain.
State Farm determined that the covered portion of damage to the property resulting from the August 25, 2006 rain could be repaired at a cost of $32,176.36. On October 6, 2006, State Farm subtracted Mr. Stumpf's deductible and issued a check in the amount of $27,176.36 to Mr. Stumpf for the property damaged by the August 25, 2006 rain. The letter enclosed with the October 6, 2006 check requested additional information from Mr. Stumpf and notified Mr. Stumpf that he had "two years from the date of loss to conclude your claim, but under Louisiana law, you have only one *313 year to file suit on any disputes that arise from this claim."
Mr. Stumpf complained to State Farm that the amount tendered was insufficient to repair the damage. While attempting to settle this claim, State Farm issued two additional letters to Mr. Stumpf. A letter dated December 18, 2006, again notified Mr. Stumpf that additional information was needed and informed Mr. Stumpf that, "[a]ll policy provisions appl[ied]." The second letter, dated January 22, 2007, notified Mr. Stumpf that certain items were not covered under the policy and specifically quoted language from the policy. The quoted policy language informed Mr. Stumpf that "[n]o action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year from the date of loss or damage."
On July 26, 2007, Wolfe filed a petition for damages on a past due account, alleging Mr. Stumpf owed additional monies to Wolfe for the installation of the new roof. On October 3, 2007, Mr. Stumpf answered the petition and therein filed a third-party demand against State Farm. In his third-party demand, Mr. Stumpf alleged that State Farm's payment dated October 6, 2006, was sufficient to acknowledge the debt owed to Mr. Stumpf and thereby interrupt prescription. Mr. Stumpf averred that State Farm informed him that the claim for damage resulting from the August 25, 2006 rain would be held in abeyance until the Hurricane Katrina claim was resolved. Lastly, Mr. Stumpf further averred that he relied on the assurances by State Farm and that such assurances were sufficient to interrupt prescription.
State Farm filed a motion for summary judgment which argued that Mr. Stumpf's third-party demand was prescribed by the terms of the policy and by law. Alternatively, State Farm argued that Mr. Stumpf's claims were expressly excluded by the terms of the contract.
The district court granted State Farm's motion for summary judgment on the issue of prescription and did not address State Farm's alternative argument. The district court noted that the policy was quite clear that all suits must be filed within a year from the date of the loss and that any waiver or modification of the policy must be in writing. The court found that the letters from State Farm to Mr. Stumpf did not create any ambiguity or waiver or modification of the policy.
Mr. Stumpf timely filed a motion for devolutive appeal.

DISCUSSION
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B. When the movant will not bear the burden of proof at trial, his burden on a motion for summary judgment is merely to point out that there is an absence of factual support for one or more elements essential to the adverse party's claim; he is not required to negate all essential elements of the adverse party's claim, action, or defense. Thereafter, the burden is on the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966 C(2). If he fails to do so, there is no genuine issue of material fact and summary judgment is appropriate. Id.
A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the *314 trial court's determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Samaha v. Rau, 2007-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-883.
In his brief, Mr. Stumpf lists two assignments of error. The first assignment of error alleges the district court erred when it ruled that the October 3, 2006 thirdparty demand against State Farm was prescribed on its face.
Prescription begins to run from the date of the loss. La. C.C. art. 3454; Lila, Inc. v. Underwriters at Lloyd's, London, 2008-0681, p. 4 (La.App. 4 Cir. 9/10/08), 994 So.2d 139, 142. The policy at issue herein provides that Mr. Stumpf has one year from the date of loss to file suit against State Farm. The burden of proof on a prescription issue lies with the party asserting it unless the plaintiff's claim is prescribed on its face, in which case the burden shifts to the plaintiff. Mallett v. McNeal, 2005-2289, 2005-2322, p. 5 (La.10/7/06), 939 So.2d 1254, 1258.
In the case sub judice, the date of loss occurred on August 25, 2006. Mr. Stumpf filed the third-party demand against State Farm on October 3, 2007. On its face, the third-party demand is barred as it was filed more than one year after the date of the loss. Thus, the burden shifted to Mr. Stumpf to show that the action was not prescribed.
Prescription may be interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La. C.C. art. 3464. Mr. Stumpf argues State Farm's October 6, 2006 unconditional payment constitutes an acknowledgment sufficient to interrupt prescription. Mr. Stumpf argues the district court erred in relying on this Court's decision in Lila, and that Mr. Stumpf argues the district court should have relied on the Louisiana Supreme Court decisions of Mallett and Demma v. Automobile Club Inter-Insurance Exchange, 2008-2810 (La.6/26/09) 15 So.3d 95.
In Lila, the plaintiff, an operator of a gas station and convenience store damaged by Hurricane Katrina, filed suit against Lloyd's. The plaintiff claimed that the damage incurred as a result of Hurricane Katrina was covered under the commercial policy issued by Lloyd's. Lila, 2008-0681, p. 1, 994 So.2d at 141. The commercial policy provided two years from the date of loss in which to file suit. Lloyd's filed an exception of prescription, arguing the suit was filed beyond the two years provided in the policy. Id., p. 3, 994 So.2d at 141-42. The plaintiff argued that the two unconditional payments issued by Lloyd's were an acknowledgment sufficient to interrupt prescription. The plaintiff cited Mallett in support of its argument that prescription was interrupted by the unconditional payments. This court distinguished the decision in Mallett and stated:

... Lila would have us broaden the Supreme Court's holding in Mallett to include that an unconditional payment for the undisputed amounts of a first-party property damage claim made by an insurer to its insured pursuant to its statutory obligation under La. R.S. 22:658 A(1) constitutes an insurer's acknowledgement of its liability sufficient to interrupt prescription on the insured's suit seeking additional amounts under the policy. We have found no statutory or jurisprudential authority in support of Lila's position ... and thus, we decline to expand the holding in Mallett based upon the facts before us. (Emphasis in the original.)
Id., p. 10, 994 So.2d at 146. Further, this court determined that the time limitation *315 provided in the policy was not a prescriptive period subject to interruption or suspension, but rather was "merely a contractual pledge or agreement by the insurance company not to plead prescription if the insured institutes legal action within the two-year time frame." Id., p. 12, 994 So.2d at 147.
In Mallett, the plaintiff suffered property damage and personal injuries when his vehicle was rear-ended by the defendant. The defendant was insured by United States Automobile Association (USAA), which issued two checks to the plaintiff, a third-party claimant, for payment of the property damage. The plaintiff later filed suit for the personal injuries he sustained in the accident. The suit was filed more than one year after the accident, but less then one year from the date of the last payment. Mallett, 2005-2289, 2005-2322, p. 2, 939 So.2d at 1256. The court found USAA's unconditional payment to the plaintiff, a third-party claimant, to be an acknowledgement sufficient to interrupt prescription. Id. p. 16, 939 So.2d at 1264.
In Demma, the plaintiff sustained injuries as the result of an automobile accident. At the time of accident, the plaintiff possessed uninsured/underinsured motorist insurance coverage in a policy issued by Automobile Club Inter-Insurance Exchange (Auto Club). After the plaintiff received the policy limits from the tortfeasor's insurer, the plaintiff submitted a claim to Auto Club. Auto Club submitted an unconditional payment. Believing the amount insufficient, the plaintiff filed suit against Auto Club. The suit was filed more than two years after the accident. Auto Club filed an exception of prescription. Demma, 2008-2810, p. 2, 15 So.3d at 97. The court looked to La. R.S. 9:5629, which provides that "[a]ctions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance polices are prescribed by two years reckoning from the date of the accident in which the damage was sustained." The court determined that the prescriptive period provided by statute could be interrupted by acknowledgment and further found that "an uninsured/underinsured motor carriers' unconditional payment of monies to its insured ... constitutes an acknowledgment sufficient to interrupt prescription." Id., p. 15, 15 So.3d at 105.
After Demma, this court decided Joint Under. of Audubon Ins. Co. v. Johnson, XXXX-XXXX, 2009-0337 (La.App. 4 Cir. 9/2/09), 20 So.3d 528. In that case, a fire occurred on November 30, 2004. Mr. Johnson filed a claim for damages. The policy at issue provided one year from November 30, 2004, the date of loss, to file suit. The insurance company paid Mr. Johnson for his personal property. However, as the property was titled in the name of Hamilton Israel, the insurance company instituted a concursus proceeding to determine who actually had an insurable interest in the house and was the proper party to receive the remaining proceeds. Id., p. 1, 20 So.3d at 530. On March 10, 2008, Mr. Johnson filed a petition for damages against the insurance company. The insurance company filed an exception of prescription. Mr. Johnson argued that prescription was interrupted by the filing of the concursus proceeding. The trial court granted the exception of prescription. Id., p. 2, 20 So.3d at 530. Mr. Johnson argued Mallett in support of his argument that prescription was interrupted. This court determined that a first-party claim was involved and thus distinguished the facts from those found in Mallett. This court then reaffirmed its holding in Lila that an unconditional tender by an insurer to its insured does not interrupt prescription on a first-party claim. Id., p. 4, 20 So.3d at 531.
*316 In the instant case, Mr. Stumpf filed a first-party claim against his insurance company, State Farm. The facts herein are analogous to those found in Lila and Joint Under. of Audubon Ins. Co. Both Lila and Joint Under. of Audubon Ins. Co. involve first-party claims. However, the plaintiff in Mallett was a third-party claimant.
Further, there is a difference between the nature of the claim involved herein and that involved in Demma. This case involves an insured's first-party claim against his homeowner's insurer. The claim is based in contract, the purpose of which is to protect the insured from economic loss in the event a hazard covered under the contract damages the covered property. See Sher v. Lafayette Ins. Co., 2007-2441, p. 20 (La.4/8/08), 988 So.2d 186, 202 (discussing a policy of insurance protecting against commercial property damage and the purpose of such policy). In contrast, Demma involved an insured's claim against his uninsured/underinsured motorist provider. The uninsured motorist insurer's liability "is conditioned by the tortfeasor's total or partial lack of liability insurance." Cutsinger v. Redfern, 2008-2607, p. 5 (La.5/22/09) 12 So.3d 945, 949, citing Hoefly v. Government Employees Ins. Co., 418 So.2d 575, 579 (La.1982). The goal of uninsured motorist coverage is to "provide full recovery for innocent automobile accident victims who suffer damages caused by a tortfeasor who is not adequately covered by liability insurance." Cutsinger, 2008-2607, p. 5, 12 So.3d at 949. Accordingly, it has been concluded that a claim by an insured against his uninsured motorist provider "aris[es] ex delicto rather than ex contractu." See Stroud v. Liberty Mut. Ins. Co., 429 So.2d 492, 501 (La.App. 3 Cir.1983).
Considering the factual and legal differences between this case and Lila and Joint Under. of Audubon Ins. Co., when compared to those found in Mallett and Demma cases, it is clear that Mr. Stumpf's reliance upon Mallett and Demma is misplaced. Because this is a first-party suit for breach of an insurance contract, State Farm's prior payments in this case do not interrupt prescription. This assignment of error is without merit.
The second assignment of error alleges that the district court erred when it found that State Farm's verbal[3] and written representations to Mr. Stumpf were insufficient to demonstrate State Farm's waiver or modification of the terms and conditions of Mr. Stumpf's policy relating to his right to file suit against State Farm on any disputes that arise from this claim.
Mr. Stumpf cites Williams v. The Life Ins. Co. of Virginia, 3 Teiss 34, 1905 WL 1619 (La.App.Orleans 1905), in support his second assignment of error, wherein, the court stated:
The rule of the law is that the right of the insurers to insist upon the limitation of the time of bringing suit may be waived and, that, if the insurer be responsible for the failure on the part of the beneficiary to seasonably bring his suit, the limitation will be deemed waived. This rule rests on the principle that one who has lulled another into security should not be allowed to take advantage of his own acts to the detriment of that other.
*317 Id. The policy in the instant case provides that any waiver or change of a provision within the policy must be in writing to be valid. Mr. Stumpf argues that State Farm's written representations to him lulled him into believing that the time frame was stayed during the evaluation of his claim. Thus, Mr. Stumpf concludes that there was a modification of the time frame for filing suit and that his third-party demand was timely filed against State Farm.
In support of his argument, Mr. Stumpf distinguishes the letter sent by the insurer in Lila to the ones he received from State Farm. In Lila, a letter sent to the plaintiff by the insurance company provided that the insurance company was not waiving any of the policy terms, and that the time limitation to institute suit was two years. The insurance company additionally noted that the first anniversary was quickly approaching and listed the anniversary date. Lila, 2008-0681, p. 2, 994 So.2d at 141. Mr. Stumpf argues that the letters he received in this case lacked the clarity of the letter in Lila. However, Mr. Stumpf cites no jurisprudential or statutory rule requiring such clarity and we have found none.
To determine whether these written representations were sufficient to lull Mr. Stumpf into security, this court is to look at the overall actions of State Farm during the prescriptive period. Webb v. Blue Cross Blue Shield of La., 97-0681, p. 4-5 (La.App. 1 Cir. 4/8/98), 711 So.2d 788, 791, citing Brocato v. Sun Underwriters Ins. Co., 219 La. 495, 53 So.2d 246 (1951).
A review of the record indicates that the October 6, 2006 letter issued by State Farm to Mr. Stumpf requested additional information and notified Mr. Stumpf that he had "two years from the date of loss to conclude your claim, but under Louisiana law, you have only one year to file suit on any disputes that arise from this claim." Mr. Stumpf alleges that a reasonable interpretation of this language gives him one year from October 6, 2006 to file suit as he disputed the amount he received in the check dated October 6, 2006. The October 6, 2006 letter does not specify the anniversary date as did the letter in Lila. However, the letter was not required to contain such clarity or specificity. The October 6, 2006 letter reminds Mr. Stumpf that he has one year to file suit. Mr. Stumpf's policy stated that Mr. Stumpf had one year from the date of loss to file suit. The letter did not provide that Mr. Stumpf had one year to file suit from the date any dispute arose. There is no ambiguity.
Further, State Farm issued two additional letters to Mr. Stumpf. A letter dated December 18, 2006, again notified Mr. Stumpf that additional information was needed, and informed Mr. Stumpf that "[a]ll policy provisions appl[ied]." The second letter, dated January 22, 2007, notified Mr. Stumpf that certain items were not covered under the policy and specifically quoted language from the policy. The quoted policy language informed Mr. Stumpf that "[n]o action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year from the date of loss or damage." Looking at all of the correspondence sent by State Farm to Mr. Stumpf, we find the overall actions of State Farm did not modify the terms of the policy. This assignment of error is without merit.
In sum, Mr. Stumpf failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Hence, there is no genuine issue of material fact, and State Farm is entitled to summary judgment as a matter of law.

*318 DECREE

Accordingly, the judgment of the district court is affirmed.
AFFIRMED.
ARMSTRONG, C.J., Concurs in the Result.
I respectfully concur in the result reached by the majority.
NOTES
[1] Mr. Stumpf and his wife own the property, but only Mr. Stumpf is a party to the suit.
[2] Mr. Stumpf's Hurricane Katrina claim was still outstanding at the time the claim for damage resulting from the August 25, 2006 rain was filed. Both claims were filed with State Farm.
[3] Mr. Stumpf's second assignment of error mentions the verbal assertions of State Farm. However, the argument on the second assignment of error is limited to the written letters. We deem that portion of the assignment of error as abandoned and forego any discussion on whether the verbal assertions amount to a modification of the policy. Uniform Rules-Courts of Appeal, Rule 2-12.4.