DENNIS R. BAGNERIS, SR., Judge.
|/The plaintiffs/insureds, Crescent City Property Redevelopment Associates, LLC, Ashley J. Steele, and William W. Alden (collectively, “Crescent City 'Property”), appeal the summary judgment that granted the exception of prescription filed on behalf of the defendant/insurer, Southern Fidelity Insurance Company, Inc. (“SFIC”). For the reasons set forth below, we affirm.
FACTS/PROCEDURAL HISTORY
Crescent City Property purchased “Dwelling Fire” policies of insurance from SFIC for properties located on Calhoun Street and State Street Drive in New Orleans, Louisiana. Crescent City Property sustained losses and damages from the theft of copper plumbing pipes, electrical wiring and air conditioner fixtures at both properties.[1] The losses were reported to the New Orleans Police Department on December 18, 2009. Thereafter, Crescent City Property filed a claim for the losses with SFIC. As to suits against SFIC, the policies stated that: “No action can |2be brought unless the policy provisions have been complied with and the action is started within 24 months after the date of loss.”
In January 2010, a preliminary estimate placed the losses at the Calhoun Street property at $15,084.00 and assessed damages for the State Street Drive property at $15,222.00. On August 17, 2011, Crescent City Property, through its attorney, made a written settlement demand of $60,000.00 for both properties. The letter inferred that the demand was higher than the preliminary estimate because replacement costs for copper had more than doubled since the preliminary estimate was completed. In response, on August 25, 2011, SFIC’s counsel submitted two checks in the amounts of $15,084.00 and $15,490.00. The cover letter stated that the amounts represented “unconditional tenders for the two claims at issue.” The letter also advised Crescent City Property to call if there were any questions concerning the amounts paid.
On December 28, 2011, Crescent City Property submitted supplemental estimates to SFIC of $50,409.94 and $38,187.29. SFIC received the supplemental reports on January 2, 2012. On February 8, 2012, SFIC denied the claim for any additional amounts owed because the claim was made beyond the two-year deadline provided in the policies.
Thereafter, on July 22, 2013, Crescent City Property filed its petition for damages against SFIC. The petition contended that SFIC had failed to reasonably adjust its claims in violation of La. R.S. *102 22:868 and/or La. R.S. 22:1973. SFIC responded with a motion for summary judgment. The motion reiterated that 13Crescent City Property’s petition was not timely based on the policies’ twenty-four months filing deadlines, as well as Louisiana law that gives insureds a deadline of twenty-four (24) months to file first-party claims against their insurers, citing La. R.S. 22:868 and La. R.S. 22:1311.[2] Crescent City Property countered that the action had not prescribed because the unconditional payments made by SFIC constituted an acknowledgment of liability which interrupted prescription.
Following oral argument, the trial court granted SFIC’s motion for summary judgment, finding that Crescent City Property’s action had prescribed. The trial court determined that an unconditional tender made on a first-party insurance claim was not an acknowledgment sufficient to interrupt prescription. The trial court 14relied on this Court’s decisions in Lila, Inc. v. Underwriters At Lloyd’s, London, 08-0681 (La.App. 4 Cir. 9/10/08), 994 So.2d 139, and Wolfe World, LLC v. Stumpf, 10-0209 (La.App. 4 Cir. 7/7/10), 43 So.3d 311, in reaching its judgment.[3]
This appeal followed.
STANDARD OF REVIEW
A motion for summary judgment will be granted “if the pleadings, answers, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966. As established in Samaha v. Rau, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-883, a summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate, ie., whether there is any genuine issue of material fact, and whether mover is entitled to judgment as a matter of law. Our jurisprudence has long defined a material fact to be one in which *103 its existence or non-existence may be essential to plaintiff’s cause of action under the applicable theory of recovery. See Smith v. Our Lady of the Lake Hosp., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751.
LAW/DISCUSSION
Crescent City Property maintains that the trial court erred when it granted SFIC’s motion for summary judgment because the facts and law show that | ^prescription was interrupted when SFIC tendered payment to Crescent City Property while remaining silent on filing deadlines.
Prescription begins to run from the date of the loss. La. C.C. art. 3454; Lila, 08-0681, p. 4, 994 So.2d at 142. The burden of proof on a prescription claim lies with the party asserting it unless the plaintiffs claim is prescribed on its face, in which case the burden shifts to the plaintiff. Mallett v. McNeal, 05-2289, 05-2322, p. 5 (La.10/17/06), 939 So.2d 1254, 1258. In the matter before us, Crescent City Property filed its suit on July 22, 2013, more than two years beyond the period provided in the insurance contract. Hence, the suit is prescribed on its face and the burden of proof has shifted to Crescent City Property to show that its action has not prescribed.
Crescent City Property attempts to meet that burden by noting that Louisiana law provides that prescription may be interrupted or defeated when one acknowledges the right of the person against whom he had commenced to prescribe. See La. C.C. art. 3464; see also Mallett v. McNeal, supra. Crescent City Property contends that the two unconditional payments for property damage made on August 25, 2011 constituted an acknowledgement of liability sufficient to interrupt prescription; therefore, it asserts that the two-year prescription period commenced anew on August 25, 2011, making its suit filed on July 22, 2013 timely. Its assignments of error essentially argue that the trial court improperly relied on Lila and Wolfe World in granting summary judgment because those cases are distinguishable and that SFIC waived its right to argue time limitations when it |fimade unconditional tender offers without notifying Crescent Property of filing deadlines. We first address whether the trial court misapplied Lila and Wolfe World.

APPLICATION OF LILA AND WOLFE WORLD

In Lila, the insured filed a property damage claim against its carrier for Hurricane Katrina-related damages. The policy provided for two years from the date of loss in which to file suit. Lloyd’s, the insurer, submitted unconditional tender payments to the insured on August 16, 2006. Lloyd’s also advised that notwithstanding the payments, it was not waiving any policy terms and referenced the two-year statute of limitations. Based on the payments, the insured maintained that the two-year contractual period began to run anew again on August 16, 2006; and therefore, the insured’s October 8, 2007 petition was timely. The insured cited Mallett v. McNeal,[4] wherein the Supreme Court found that an insurer’s unconditional payment to a third-party claimant in an automobile personal injury action qualified as an acknowledgment sufficient to interrupt prescription. However, Lila declined to broaden the Supreme Court’s holding in Mallett “to include that an unconditional payment for the undisputed amounts of a first-party property damage claim made by an insurer to its insured pursuant to its statutory obligation under La. R.S. 22:658 A(l) constitutes an insurer’s ac *104 knowledgment of its liability sufficient to interrupt prescription on the insured’s suit seeking additional amounts under the policy.” Id., p. 10, 994 So.2d at 146. The decision |7added that the two-year time limitation contained in the Lloyd’s policy was not a prescriptive period subject to interruption or suspension, but rather, was merely a contractual pledge; and that to read the provision based on the insured’s interpretation would mean that any time an insurance company made a payment to its insured under the policy, the two-year contractual limitation for filing suit would commence running anew. The decision concluded this result would be “illogical.” Id., p. 12, 994 So.2d at 147.
Crescent City Property contends that the trial court misapplied Lila because the filing deadlines imposed in its policies are statutory, rather than contractual. In support, it notes that the policies adopt the same language as provided in La. R.S. 22:1311, as well as the same prescription deadlines enunciated in La. R.S. 22:868(B) for the insured to commence an action. Therefore, it argues that the two-year filing deadlines within the policies are not merely “contractual” pledges, but rather, as they are required by law, the deadlines are statutory in nature and thus susceptible to the principle of interruption of prescription. Crescent City Property surmises that instead of its reliance on •Lila, the trial court should have found its action was timely based on Demma v. Automobile Club Inter-Insurance Exchange, 08-2810 (La.6/26/09), 15 So.3d 95, a Supreme Court decision decided after Lila that found that prescription was interrupted when the insurer made an unconditional tender offer to its insured on an uninsured motorist claim. However, we disagree that the policies’ filing deadlines are statutory, rather than contractual, and moreover, that Dem-ma controls the facts of this case.
| sFirst of all, as expounded in Cadwallader v. Allstate Ins. Co.[5] an insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. Id.; see also La. C.C. art. 2047. Our jurisprudence clearly establishes that an insurance policy is a contract. This Court has not, as put forth by Crescent City Property, found that policies, such as the ones at issue here, are subject to interruption and suspension of prescription because they contain the same policy language included in Louisiana statutes.[6] We noted in Louisiana Joint Underwriters of Audubon Ins. Co. v. Johnson[7] that “insurers, like other individuals are entitled to limit their liability and to impose and enforce reasonable conditions upon the policy obligations they contractually assume. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759, 763. In the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid. See La. R.S. *105 22:629(B).” We thus reject the notion that SFIC’s inclusion of deadline filing dates that complies with the requirements of either La. R.S. 22:1311 or La. R.S. 22:868(B) made the filing deadline dates statutory, rather than contractual. Hence, the two-year time ^limitation to file suit imposed in the present matter is contractual, and not subject to interruption or suspension.
In conjunction therewith, Crescent City Property’s reliance on Demma is also misplaced. In Demma, the plaintiff sustained injuries as a result of an automobile accident. He filed an uninsured motorist claim against his insurer. The insurer made an unconditional tender payment. Thereafter, the insured filed a bad faith adjustment lawsuit. The disputed issue was whether the insured’s bad faith adjustment claim had prescribed when it was filed beyond the two years provided by statute to bring a UM action.[8] Demma held that the prescriptive period provided by statute could be interrupted by acknowledgment and that the uninsured/un-derinsured motor carrier’s unconditional payment of monies to its insured constituted an acknowledgment sufficient to interrupt prescription. Id., p. 15, 15 So.3d at 105. However, as this Court explained in Wolfe World, there is a difference in the nature of the claim before us and that involved in Demma.
In Wolfe World, this Court found that the insurer’s unconditional payment for rain damage did not interrupt the one-year prescriptive period stated in the homeowner’s policy. In distinguishing Demma, the decision noted:
This claim involves an insured’s first party claim against his homeowner’s insurer. The claim is based in contract, the purpose of which is to protect the insured from economic loss in the event a hazard covered under the contract damages the covered property. See Sher v. Lafayette Ins. Co., 2007-2441, p. 20 (La.4/8/08), 988 So.2d 186, 202 (discussing a policy of insurance protecting against commercial property [^damage and the purpose of such policy). In contrast, Demma involved an insured’s claim against his uninsured/underin-sured motorist provider. The uninsured motorist insurer’s Lability “is conditioned by the tortfeasor’s total or partial lack of liability insurance.” Cutsinger v. Redfern, 2008-2607, p. 5 (La.5/22/09), 12 So.3d 945, 949, citing Hoefly v. Government Employees Ins. Co., 418 So.2d 575, 579 (La.1982). The goal of uninsured motorist coverage is to “provide full recovery for innocent automobile accident victims who suffer damages caused by a tortfeasor who is not adequately covered by liability insurance.” Cutsinger, 2008-2607, p. 5, 12 So.3d at 949. Accordingly, it has been concluded that a claim by an insured against his uninsured motorist provider “aris[es] ex de-licto rather than ex contractu.” See Stroud v. Liberty Mut. Ins. Co., 429 So.2d 492, 501 (La.App. 3 Cir.1983).
Wolfe World, 10-0209, p. 8, 43 So.3d at 316.
As referenced, in the case sub judice, Crescent City Property’s claim against SFIC is based in contract. The express terms of the contract provide two years from the date of loss to bring an action. As such, SFIC’s tender offer did not serve *106 as an acknowledgment of liability sufficient to interrupt prescription.[9]
Having determined that the policies’ time limitations to bring suit are contractual and thereby not subject to interruption or suspension, we now turn to Crescent City Property’s claim that equity demands a finding that SFIC waived its right to argue that the suit was prescribed.

U,WAIVER OF TIME LIMITATIONS

In support of this principle, Crescent City Property cites Williams v. The Life Ins. Co. of Virginia, 3 Orleans App. 34 (La.App. Orleans 1905), wherein the court stated:
The rule of the law is that the right of the insurers to insist upon the limitation of the time of bringing suit may be waived and, .that, if the insurer be responsible for the failure on the part of the beneficiary to seasonably bring his suit, the limitation will be deemed waived. This rule rests on the principle that one who has lulled another into security should not be allowed to take advantage of his own acts to the detriment of the other.
Crescent .City Property alleges that SFIC’s apparent acceptance of liability when it made the unconditional payments along with SFIC’s failure to notify Crescent City Property that it intended to avail itself of the policy deadlines to deny any future claim lulled Crescent City Property. into not filing suit. It avers that the present matter is distinguishable from Lila and Wolfe World because in those cases the insureds received written notice that the insurers intended to invoke policy filing deadlines at the time they made the unconditional payments. In contrast, it maintains that SFIC’s silence as to its intent created ambiguity and lulled Crescent City Property into inaction. Crescent City Property suggests that the factual differences among the Lila and Wolfe World letters in which the insurers provided notice of filing deadlines to their insureds and SFIC’s letter that was silent as to notice should serve as a waiver for SFIC to plead time limitations as a bar to suit.
|12We find this position is flawed because it presupposes that the insurer has an affirmative duty to notify the insured of filing deadlines. Crescent City Property cites no statutory authority to support this position. Therefore, our consideration as to whether SFIC waived its right to argue prescription is limited to an examination of SFIC’s affirmative actions, in particular, its written representations, and whether these actions lulled Crescent City Property into a false sense of security that caused Crescent City Property not to timely file suit. Upon review, we determine that they did not.
The facts are undisputed that Crescent City Property, through its attorney, made a written settlement demand for $60,000.00 on August 17, 2011 and that SFIC responded with unconditional tender payments of $15,490.00 and $15,084.00 on August 25, 2011. SFIC’s letter from its counsel stated that:
Attached please find two checks which each represent unconditional tenders for the two claims at issue. We have attached Check No. 1031578 in the amount *107 of $15,084.00 as well as Check No. 1031579 in the amount of $15,490.00.
If you have any questions regarding these amounts, please do not hesitate to call.
Although the letter does not advise Crescent City Property of filing deadlines, we do not find anything within the letter’s contents that suggests that Crescent City Property would not have to file suit in the event it wanted to recover for what it considered the full value of its losses. To the contrary, one could argue that instead of lulling Crescent City Property into inaction, that SFIC’s payment of | lsonly approximately one-half of Crescent City Property’s demand should have spurred Crescent City Property into litigation.
We also note that Crescent City Property does not claim that it asked questions regarding the unconditional amounts paid or that SFIC misrepresented that it would make any additional payments beyond the unconditional tendered amounts. Moreover, the record shows that Crescent City Property, who was represented by counsel, had approximately two months to file suit within the policies’ deadline filing dates after it had received the unconditional payments; and that their supplemental estimates were not submitted until after the deadline filing dates. Therefore, we conclude that no actions on the part of SFIC lulled Crescent City Property into inaction such as to constitute a waiver of SFIC’s right to insist that any lawsuit be filed within the policies’ time limitations.
CONCLUSION
We find that the filing deadlines within the insurance policies are contractual and not statutory; hence, they are not subject to interruption or suspension. The record also reveals there are no genuine facts in dispute that Crescent City Property filed its lawsuit beyond the two-year deadline date imposed by the policies. As SFIC did not waive the time limitations to file suit, as a matter of law, the trial court properly granted SFIC’s motion for summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

. SFIC represents that a sworn and notarized affidavit from William Alden to NOPD states that the losses actually occurred between October 3, 2009 and November 11, 2009.

. SFIC's summary judgment motion included the following argument:
Specifically, LSA-R.S. 22:868(B) provides in pertinent part:
B. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months next after the inception of the loss when the claim is a first-party claim, as defined in R.S. 22:1692, and arises under any insurance classified and defined in R.S. 22:47(6), (10), (11), (12), (13), (15), and (19) or to a period of less than one year from the time when the cause of action accrues in connection with all other insurances unless otherwise specifically provided in this Code.
Importantly, “First-party claim” is defined as follows:
(3) "First-party claim” means a claim made by an insured or a policyholder under an insurance policy or contract that arises out of the occurrence of the contingency or loss covered by the policy or contract. Definitions, LSAR.S. 22:1692.
Further, the twenty-four (24) month prescriptive period is also set forth in La. R.S. 22:1311, which contains the Standard Fire Policy. The Standard Fire Policy is attached to every policy of fire insurance in Louisiana and provides in pertinent part as follows:
Suit — No suit or action on this policy for the recovery of any first-party claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twenty-four months next after the inception of the loss.
LSA-R.S. 22:1311

. Lila and Wolfe World will be discussed more fully herein in the body of this decision.

. 05-2289, 05-2322 (La.10/17/06), 939 So.2d 1254.

. Cadwallader v. Allstate Ins. Co., 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580.

. Appellants reference Ansardi v. La. Citizens Prop. Ins. Co., 11-1717, 12-0166, pp. 34-36 (La.App. 4 Cir. 3/1/13), 111 So.3d 460, citing Taranto v. Louisiana Citizens Prop. Ins. Corp., 10-0105, p. 19 (La.3/15/11), 62 So.3d 721, 734. Appellants’ reliance upon these cases is misguided. Neither Ansardi nor Taranto applies to the matter at issue as they involve class action lawsuits and the finding that the plaintiffs’ lawsuits were timely did not rest upon any interpretation that the deadline date to file suit within the policies was statutory.

. 09-0336, 09-0337, p. 5 (La.App. 4 Cir. 9/2/09), 20 So.3d 528, 531.

. La. R.S. 9:5629 provides that "[a]ctions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date in which the damage was sustained.”

. See also Louisiana Joint Underwriters of Audubon Ins. Co., 09-0336, 09-0337, pp. 4-5, 20 So.3d at 531, where this Court reached an analogous result in holding that the time to bring an action on the insurance contract was limited by the clear and unambiguous terms of the policy; as such, an unconditional tender on a homeowner’s policy did not interrupt prescription on a first-party insurance claim.