| CYNTHIA BRYAN, AUBRY BRYAN, JR., AUNYA BRYAN, AND GLENDA BRYAN | * | NO. 2024-C-0694 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION AS THE GUARANTOR OF THE INSOLVENT INSURANCE COMPANY, SOUTHERN FIDELITY INSURANCE COMPANY | * | STATE OF LOUISIANA |
| | * | |
| | * | |
| | * * * * * * * | |

**ERVIN-KNOTT, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the Majority's decision to deny LIGA's writ application. I would grant LIGA's writ application and find that Plaintiff's suit is prescribed. To hold otherwise allows for insureds to bring forth stale suits long after their claims under their insurer's policies have prescribed. In its opinion, the Majority only addresses one of the issues raised by LIGA in its writ application.[1] As this case involves a multi-faceted issue, I find it necessary to address all the assigned errors to conclude that Plaintiffs' suit is prescribed.

Prescription is a legal concept that bars the institution of suits "as a result of inaction for a period of time." La. C.C. art. 3447. "Prescription begins to run from the date of loss." *Crescent City Prop. Redevelopment Assocs., LLC v. S. Fid. Ins., Inc.*, 2014-0862, p. 5 (La. App. 4 Cir. 12/17/14), 158 So. 3d 100, 103 (first citing La. C.C. art. 3454; and then citing *Lila, Inc. v. Underwriters at Lloyd's, London*, 2008-0681, p. 4 (La App. 4 Cir. 9/10/08), 994 So. 2d 139, 142). At the outset, I note that Plaintiffs' petition is prescribed on its face. Hurricane Ida damaged their

---

[1] In its writ application, LIGA raised the following issues:
(1) Whether a two-year or ten-year prescriptive period applied to Plaintiffs' claim against LIGA;
(2) Whether Southern Fidelity's order of insolvency interrupted prescription against LIGA;
(3) Whether Southern Fidelity's partial tender interrupted prescription against LIGA; and
(4) Whether Plaintiffs' amended petition related back to their original petition for damage, such that prescription was interrupted against LIGA.

1

property on August 29, 2021, and Plaintiffs did not add LIGA to this suit until October 23, 2023, over two years after the loss occurred.

Preliminarily, I agree with the Majority that a two-year prescriptive period applies to Plaintiffs' claim in this case. Very recent jurisprudence affirms that claims involving hurricane damage are subject to a two-year prescriptive period commencing from the date of loss as provided for under La. R.S. 22:868. *Green v. Maison Ins. Co.*, 2024-297, pp. 2-3 (La. App. 5 Cir. 9/4/24), 398 So. 3d 231, 234 (citing La. R.S. 22:868); *Ardoin v. Certain Underwriters at Lloyd's of London*, 2023-719, p. 11 (La. App. 3 Cir. 4/3/24), 387 So. 3d 676, 683 (citing *Phyllis Wilson v. La. Citizens Prop.*, 2023-1320 (La. 1/10/2024), 375 So. 3d 961). Further, LIGA is limited by statute to only provide coverage for "covered claims" as provided by La. R.S. 22:2055(6). *Green*, 2024-297, p. 4, 398 So. 3d at 234; *see also* La. R.S. 22:2052. A covered claim is an unpaid claim arising out of and is *within the coverage* of an insolvent insurer's policy. La. R.S. 22:2055(6)(a)(emphasis added). Thus, as set forth by statute, a covered claim comes from the policy of the insolvent insured and that policy dictates the terms of the claim's coverage. In this case, Southern Fidelity's policy dictated a two-year prescriptive period from the date of loss to bring a claim. Therefore, I agree that a two-year prescriptive period applies to Plaintiffs' claim.

Nevertheless, the Majority's opinion solely focuses on the issue of whether Southern Fidelity's order of insolvency interrupted the tolling of prescription against LIGA. The Majority finds that Plaintiffs' cause of action did not arise *until* Southern Fidelity went insolvent and, thus, prescription was interrupted. I disagree.

Prescription may be interrupted by the filing of a lawsuit or by an acknowledgment by the defendant. La. C.C. arts. 3462, 3464. Neither of these situations occurred here. Plaintiffs' claim began to accrue from the date of loss, and they failed to file suit against either Southern Fidelity or LIGA for a claim

2

under their policy within the applicable prescriptive period. The stay order issued against Southern Fidelity provides that it prohibits "[t]he commencement or continuation of judicial, administrative, or other action or proceeding against the *insurer* or against its assets or any part thereof . . . ." (Emphasis added). The plain language of the stay order makes clear that it only applied to actions against Southern Fidelity. Plaintiffs failed to show how they were prevented from filing suit against LIGA. Thus, I find Plaintiffs' claim for damages arising under their policy is prescribed.

In reaching its conclusion that prescription was interrupted by the insolvency order, the Majority relies on *Rey v. Guidry*, 618 So. 2d 425 (La. App. 5th Cir. 1993). However, *Rey* is inapplicable to this case. *Rey* focused on whether new amendments to the statutes governing LIGA applied retroactively such that the plaintiff had to exhaust coverage under his UM insurer before proceeding against LIGA. *Rey*, 618 So. 2d at 427. In reaching its determination, the Fifth Circuit found that liability against LIGA is determined as of the date of the member insurer's insolvency, such that a plaintiff's recovery against the entity is dictated by the statute in effect at the time of insolvency. *Id.* I agree that LIGA's liability is dictated by statute. However, as already discussed herein, the relevant statute provides that LIGA's liability is dictated by the terms of the insolvent insurer's policy, and Southern Fidelity's policy gave the Plaintiffs a two-year prescriptive period to file suit for a claim under that policy. *See* La. R.S. 22:2055(6). Notably, in *Rey*, the plaintiff had timely filed suit against his general liability insurer and amended his suit to include LIGA after his general liability insurer became insolvent. *Rey*, 618 So. 2d at 426.

Additionally, the Majority notes in its opinion that it declines to follow the ruling of the Fifth Circuit in *Green v. Maison Ins. Co.* on the basis that the case did not consider whether an insolvency order interrupted the prescriptive period

3

against LIGA. 2024-297, 398 So. 3d 231. Yet, there is jurisprudence supporting the conclusion that an insolvency order does not interrupt prescription against LIGA. Specifically, in *Castaneda v. Louisiana Ins. Guaranty Ass'n*, the Louisiana Fifth Circuit held that an insolvency order that issued an injunction against all proceedings involving an insolvent insured did not suspend prescription against LIGA. 1995-29, p. 4 (La. App. 5 Cir. 5/30/95), 657 So. 2d 338, 340-41, *writ denied* 1995-2097 (La. 11/17/95), 663 So. 2d 715. In *White v. Haydel*, the Louisiana First Circuit held that a stay order did not prevent a plaintiff from filing suit against LIGA. 593 So. 2d 421, 422 (La. App. 1st Cir. 1991). Furthermore, the Fourth Circuit has recognized that "court issued stays do not suspend prescription, prevent the filing of a lawsuit, or implicate the doctrine of contra non valentem." *Doe v. La. Bd. Of Ethics*, 2012-1169, p. 14 (La. Ap. 4 Cir. 3/13/13), 112 So. 3d 339, 347, n. 9 (citations omitted). I note that the facts in the *Green* case are similar to the ones before this Court—namely, an insured filed a stale claim against LIGA over two years after Hurricane Ida and almost a year after its original insurer had been declared insolvent.

Moreover, the Majority opines that the Plaintiffs' case against LIGA may have been unfairly barred if Southern Fidelity had been declared insolvent on August 28, 2023, just one day prior to the end of the original prescriptive period against Southern Fidelity. The Majority overlooks the fact that Plaintiffs still had not filed suit against their insurer in that hypothetical scenario, which meant Plaintiffs only had a day left to seek recourse against their original insurer as well. Once that one day had passed, any claim under the policy would have been extinguished regardless of whether the Plaintiffs decided to file against their original insurer or LIGA. Plaintiffs echo a similar hypothetical in their memorandum. However, the hypothetical advanced by the Plaintiffs and the Majority never came to pass. The Majority's and the Plaintiffs' argument fails in

4

light of the fact the Plaintiffs were aware of Southern Fidelity's insolvency and had sufficient time to file suit against LIGA prior to the prescriptive period lapsing. Southern Fidelity was declared insolvent on June 15, 2022—one year, two months, and fourteen days prior to the prescriptive deadline to file suit. Therefore, for the above stated reasons, I find that the insolvency order did not interrupt prescription

Due to its determination that prescription was interrupted by the insolvency order, the Majority's opinion does not address the issue of whether South Fidelity's partial tender interrupted prescription. However, as this issue is relevant to the ultimate outcome, I will address it here.

This Circuit is rife with jurisprudence holding that an insurer's partial tender related to a first-party property damage claim does not constitute an acknowledgement and does not interrupt prescription.[2] To support their argument against prescription, Plaintiffs rely on the holding in *Demma*, wherein the Louisiana Supreme Court found that an unconditional payment made pursuant to an uninsured/underinsured motorist insurance policy constituted an acknowledgment sufficient to interrupt prescription. *Demma v. Auto. Club Inter-Ins. Exch.*, 2008-2810, p. 1 (La. 6/26/09), 15 So. 3d 95, 96-97. The Fourth Circuit jurisprudence holds that *Demma* does not apply in this context. Shortly after the Louisiana Supreme Court's decision in *Demma*, the Fourth Circuit upheld its long-standing jurisprudence that "an unconditional tender does not interrupt prescription on a first party claim." *La. Joint Underwriters*, 2009-0336, p. 4, 20 So. 3d at 531 (citation omitted) ("Because this is a first party suit for breach of an insurance contract . . . prior payments do not interrupt prescription."). Notably, the Louisiana Supreme Court denied the writ application on that issue. *La. Joint Underwriters*,

---

[2] *E.g.*, *Crescent City*, 2014-0862, 158 So. 3d 100; *see also Wolfe World, LLC v. Stumpf*, 2010-0209 (La. App. 4 Cir. 7/7/10), 43 So. 3d 311, *writ denied* 2010-1834 (La. 10/29/10), 48 So. 3d 1092; *see also La. Joint Underwriters of Audubon Ins. Co. v. Johnson*, 2009-0336 (La. App. 4 Cir. 9/2/09), 20 So. 3d 528, *writ denied* 2009-2611 (La. 2/5/10), 27 So. 3d 306; *see also Lila*, 2008-0681, 994 So. 2d 139.

5

2009-2611, 27 So. 3d 306. Thereafter, the Fourth Circuit specifically held that the *Demma* rationale did not apply to first party claims against a homeowner's insurance policy. *See Wolfe World*, 2010-0209, p. 8, 43 So. 3d at 316 ("[T]here is a difference between the nature of the claim involved herein and that involved in *Demma*. This case involves an insured's first-party claim against his homeowner's insurer."). Again, the Louisiana Supreme Court denied the writ application on that issue. *Wolfe World*, 2010-1834, 48 So. 3d 1092.

In the matter herein, Plaintiffs are making a first party claim against their homeowner's insurance policy. Nothing in this case suggests that Southern Fidelity's tender constituted an acknowledgment sufficient to interrupt prescription. As such, in accordance with this Circuit's jurisprudence, I find that *Demma* does not apply to the facts of this case.

Finally, the last issue raised by the parties that needs to be addressed is whether the Plaintiffs' amended petition related back to their original petition. An amended petition adding or substituting a defendant may relate back to the filing of the date of the original petition. *See* La. C.C.P. art. 1153; *see also Carter v. Pointe Coupee Par. Sch. Bd.*, 2018-1035, p. 4 (La. App. 1 Cir. 12/21/18), 268 So. 3d 1064, 1068 (noting that La. C.C. art. 1153 applies to claims but not to parties). In determining whether an amendment should relate back, one of the factors that should be considered is whether the substituted defendant is a wholly new or unrelated defendant. *Ray v. Alexandria Mall*, 434 So. 2d 1083, 1087 (La. 1983).

An amended defendant is not "wholly new or unrelated" if there is an identity of interests between him and the improperly named defendant. *See Hardy v. A+ Rental Inc.*, 1995-2176, p. 3 (La. App. 4 Cir. 5/8/96), 674 So. 2d 1155, 1157 (citing *Findley v. City of Baton Rouge*, 570 So. 2d 1168, 1171 (La. 1990)). This identity of interests depends on the relationship between the parties in their business operations and other activities. *Id*. The relationship between the parties

6

"must be of such a close nature that there is an inference of notice." *Taylor-Haynes v. Tropicana Ent. LLC*, 2023-0558, p. 8 (La. App. 1 Cir. 11/15/23), 379 So. 3d 688, 695 (citation omitted). If such a close relationship exists, the court will consider the institution of suit against one to provide notice of litigation to the other. *Id.*

In this case, I do not find an identity of interests between Louisiana Citizens and LIGA. Louisiana Citizens is a last resort insurance company tasked with providing policies to Louisiana residents who are unable to procure insurance elsewhere. On the other hand, LIGA is not an insurance company issuing policies. Rather, it is an association created by statute that is mandated to pay certain covered claims if one of its members becomes insolvent. As such, I cannot infer that LIGA received notice of Plaintiffs' action when they named Louisiana Citizens, a wholly different entity, as the defendant in their case.

For all of the foregoing reasons, I would grant LIGA's writ application, reverse the judgment of the district court, and find that Plaintiffs' suit is prescribed.